TROY LEE HARMS V STATE OF TEXAS



 NO. 07-02-0160-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 7, 2002


______________________________



KEVIN MEAD AKA RICHARD ALAN WILLIAMS




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 337TH DISTRICT COURT OF HARRIS COUNTY;



NO. 884,328; HON. DON STRICKLIN, PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Appellant, Kevin Mead, also known as Richard Alan Williams, appeals from a
judgment under which he was convicted of criminally negligent homicide. The clerk's
record has been filed in this cause but the reporter's record has not. Furthermore, counsel
for the appellant attorney has filed a "Notice of Withdrawal of Appeal" suggesting that
appellant no longer cares to prosecute an appeal. However, the notice is not personally
signed by appellant as required by Texas Rule of Appellate Procedure 42.2(a). Nor have
we been informed of a specific date by which this defect will be cured. 

 Accordingly, we now abate this appeal and remand the cause to the 337th District
Court of Harris County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following: 

 1. whether appellant desires to prosecute the appeal; and, 

 2. whether appellant is indigent. 

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings
of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed
a supplemental clerk's record containing the findings of fact and conclusions of law and
all orders it may issue as a result of its hearing on this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record with the clerk of this court on or before May 31, 2002. Should further time be
needed by the trial court to perform these tasks, then an extension must be requested
before May 31, 2002. Furthermore, should appellant submit to this court a document
complying with Texas Rule of Appellate Procedure 42.2(a) and evincing his decision to
withdraw his notice of appeal before the trial court convenes a hearing pursuant to this
order, then the appeal will be reinstated, and the court will act on the matter in due course.

 It is so ordered. 

 Per Curiam 

 Do not publish.